UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

| | |
|---|---|
| **JEFFREY HARRINGTON,** | CIVIL ACTION NO. 3:22-67-KKC |
| **Plaintiff,** | |
| v. | **OPINION AND ORDER** |
| **KILOLO KIJAKAZI,**<br>**ACTING COMMISSIONER OF THE**<br>**SOCIAL SECURITY**<br>**ADMINISTRATION,** | |
| **Defendant.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the parties' cross-motions for summary judgment. (DE 15, 16.) Plaintiff Jeffrey Harrington brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the denial of his claim for disability insurance. The Court, having reviewed the record, will deny Harrington's motion (DE 15) and grant the Acting Commissioner's motion (DE 16).

**I. Analysis**

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation and quotation marks omitted). To determine whether a claimant has a compensable disability under the Social Security Act (the "Act"), the ALJ applies a five-step sequential process. 20 C.F.R. § 404.1520(a)(1), (4); *see also Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 834 n.6 (6th Cir. 2016) (describing the five-step evaluation process). The five steps are:

> *Step 1:* If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> *Step 2:* If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.
>
> *Step 3:* If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his or her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> *Step 4:* If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> *Step 5:* If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x. 162, 169 (6th Cir. 2016) (citing *Rabbers*, 582 F.3d at 652)).

If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, the ALJ can then complete the "determination or decision and [the ALJ] do[es] not go on to the next step." § 404.1520(a)(4). In the first four steps of the process, the claimant bears the burden of proof. *Sorrell*, 656 F. App'x. at 169 (quoting *Jones v. Comm'r of Soc. Sec.* 336 F.3d 469, 474 (6th Cir. 2003)). If the claim proceeds to step five, however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity . . . and vocational profile." *Id.* (citation and quotation marks omitted); *see also* § 404.1520(g)(1).

In denying Harrington's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Act. § 404.1520(a); *see, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Harrington has not engaged in substantial gainful activity since March 6, 2020. (Administrative Record ("AR") at 18.)

At step two, the ALJ determined that Harrington suffers from the medically determinable severe impairments of psoriatic arthritis, lymphocytic colitis, perineal cyst/fistula, lupus, diabetes mellitus, and degenerative disc disease of the lumbar spine. *Id.* The ALJ also found that Harrington had medically determinable mental impairments of anxiety and depression. *Id.* at 19. The ALJ found that the mental impairments did not cause more than mild limitations in any functional areas and therefore were considered nonsevere. *Id.* at 20.

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments. *Id.*

At step four, the ALJ assessed Harrington's residual functioning capacity ("RFC"). *Id.* at 21-23. In making this assessment, the ALJ evaluated each of Harrington's physical impairments but did not individually assess the claimed mental impairments of anxiety and depression. *Id.* The ALJ concluded that Harrington still had the capacity to perform light exertional work and found that further accommodation was not warranted. *Id.* at 26. This finding resulted in the ruling that Harrington is not disabled under the Social Security Act. *Id.* at 27.

The ALJ's decision became the final decision of the Acting Commissioner when the Appeals Council subsequently denied Harrington's request for review. *See* 20 C.F.R. § 422.210(a). Harrington therefore has exhausted his administrative remedies and filed an appeal in this Court. The parties have filed cross-motions for summary judgment, and this case is now ripe for review under 42 U.S.C. § 405(g).

Harrington argues that the ALJ erred by omitting in the RFC analysis the mental limitations found at step two. (DE 15-1 at 2.)

> **A.  The ALJ did not err in omitting an RFC analysis of Harrington's mental limitations.**

On appeal, Harrington makes no allegations of error regarding the ALJ's evaluation of his mental or physical capacity. Rather, he contends that the ALJ's RFC analysis was deficient because it did not adequately consider Harrington's mental impairments. (DE 15-1 at 2.)

The RFC is defined as the most a plaintiff can do despite the physical and mental limitations resulting from his impairments. *Poe v. Comm'r of Soc. Sec.*, 342 Fed.Appx. 149, 155 (6th Cir. 2009); *see also* 20 C.F.R. §§ 404.1545(a), 416.945(a). "The ALJ's determination that the plaintiff had some mild impairment does not *require* inclusion of mental limitations into the RFC." *Caudill v. Commissoner of Soc. Sec.*, No. 2:16-CV-818, 2017 WL 3587217, *6 (S.D. Ohio Aug. 21, 2017); *see, e.g., Little v. Comm'r of Soc. Sec.*, No. 2:14-cv-532, 2015 WL 5000253, at *13-14 (S.D. Ohio Aug. 24, 2015) (no error where ALJ did not include RFC limitations to address findings of mild mental limitations); *Walker v. Astrue*, No. 3:11-cv-142, 2012 WL 3187862, at *4-5 (S.D. Ohio Aug. 3, 2012) (finding that substantial evidence supported the ALJ's determination that the claimant's mental impairments were mild enough not to warrant specific RFC limitations).

The ALJ reasonably evaluated Harrington's mental impairments and found that he did not demonstrate that his non-severe impairments of depression and anxiety resulted in workplace functional limitations. (DE 13-1 at 19.) In reaching that conclusion, the ALJ conducted a thorough analysis which included consideration of psychologist assessments, treatment history, psychiatric examinations, and a function-by-function discussion of the "Paragraph B" criteria. *Id.*

Through review of this material, the ALJ found that in the first functional area of understanding, Harrington indicated that he does not need reminders and does well following

4

instructions. *Id.* He reported that he did not have learning issues when he was in school, nor did the ALJ observe any difficulty answering questions or recalling information during the hearing. *Id.* The second functional area is interacting with others. *Id.* In this area, the ALJ found that Harrington indicated no problems getting along with others, including authority figures. *Id.* Further, he was cooperative during his psychological examination and was consistently found to be cooperative with normal behavior in treatment records. *Id.* In the third functioning area, concentrating, persisting or maintaining pace, the ALJ found that although the claimant had reported problems maintaining focus, he indicated elsewhere that he does well following instructions, he can manage money, reads, and watches television. *Id.* Additionally, he focused during the hearing and in his treatment records there were no notations of objective deficits in attention or concentration. *Id.* The last functioning area is adapting or managing oneself. (*Id.* at 20.) Harrington reported that he does not handle stress well, however, the ALJ found that the record indicated he could manage personal care independently, prepare meals, perform chores, drive, go out alone, and shop in stores. *Id.*

In addition to assessing the functional areas, the ALJ noted that there was little evidence of treatment for anxiety or depression. *Id.* Harrington denied any history of psychiatric hospitalizations, mental health therapy, or advanced psychological symptoms. *Id.* The clinical exam findings reported normal behavior, thought content, judgment, mood and affect. *Id.* Despite Harrington reporting at a psychological examination that he had a history of depression, the objective findings indicated otherwise. *Id.*

Based on these findings, there was substantial evidence supporting the ALJ's decision to omit mental limitations in Harrington's RFC. Although Harrington is correct that the ALJ must consider both severe and non-severe limitations, the ALJ must only include in the RFC limitations found to affect plaintiff's ability to work. *See Griffeth v. Comm'r,* 217 Fed.Appx.

425, 426 (6th Cir. 2007) ("The RFC describes the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from—though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities. A claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." (internal quotation marks and citations omitted)).

Here, in making his RFC finding, the ALJ stated that he "considered all symptoms and the extent to which [they could] be accepted as consistent with the objective medical evidence and other evidence." (DE 13-1 at 21.) Thus, the ALJ did consider Harrington's mental impairments, but concluded that specific RFC limitations attributable to his mental impairments were not warranted. Accordingly, the ALJ did not err in omitting Harrington's mental impairments in the RFC.

**II.     Conclusion**

For all these reasons, the Court **HEREBY ORDERS** that:

1. The plaintiff's motion for summary judgment (DE 15) is DENIED;
2. The defendant's motion for summary judgment (DE 16) is GRANTED;
3. A judgment will be entered contemporaneously with this order.

February 5, 2024

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY